I represent the defendant Scott Smith. After a jury trial, Mr. Smith was convicted of both receipt and possession of child pornography and acquitted of distribution of child pornography. Mr. Smith raises several challenges on his appeal, challenging both his conviction and sentence. Today I will focus on the double jeopardy challenge as well as the jury instruction challenge. First, Mr. Smith's convictions for both receipt and possession of child pornography violate the double jeopardy clause. The district court erred in failing to either instruct the jury that it could not rely on the same conduct for receipt and possession or alternatively providing the jury with a special interrogatory to ensure that it did not rely on the same conduct for each. Did you ask for both those? We did not ask for the first instruction that I mentioned that it could not rely on the same conduct for both receipt and possession. There was a special interrogatory put forward. Was a specific special interrogatory offered? No, it was not. It is well established that possession is a lesser included of receipt in this circuit and other circuits. A recent case law indicates that even under plain error review, when a specific jury instruction is not put forward, that when the government relies on the same conduct for both counts and there's overlapping in the indictment that would allow the jury to rely on the same conduct for both counts, it violates double jeopardy. This court most recently ordered that a conviction must be vacated in the Morrissey case. In the Morrissey case, similar to here, there was overlapping dates but the dates did not completely overlap for both the receipt and possession counts. During the trial, the government, when arguing and presenting the evidence, blurred which conduct supported receipt and which conduct supported possession. That's exactly what happened here. In the indictment, there was overlapping dates although they did not completely overlap. The indictment did not provide any more specificity as to what conduct supported possession and what conduct supported receipt. There was no possession is based off of images that might be on a thumb drive and receipt is based off images found on a computer. There was no overlap. The government, in fact, conceded before the district court when there was a discussion of these double jeopardy concerns that there was overlap, that some of the same conduct supported each image. The government, then after the conclusion of the testimony during closing argument, argued to the jury that it could rely on the same conduct for each image. It relied on the same videos to argue for both the possession and receipt counts. So based on this court's precedent and the conduct at trial, this court must reverse and remand with orders that the district court exercises discretion to vacate one of the counts. Okay, that's the relief. I just want to make sure you agreed that that's the proper relief. Yes, that's the relief, your honor. And to address the government's waiver argument, the argument is not waived. The defense counsel raised a pre-trial motion that this violated double jeopardy and then again, when discussing the jury instructions, stated that, as the government admitted, that there was overlap, so a special interrogatory was necessary. Then, towards the conclusion of trial, the district court stated, indicated potentially that it didn't think there could ever be a double jeopardy issue, but indicated that special interrogatory was not required. And then, after it had ruled, stated, the defense counsel stated no objection. But defense counsel in case law indicates that when defense counsel repeatedly objects and is denied, that stating no objection at the conclusion of a proceeding or here when the district court has already indicated it's not going to provide a special interrogatory does not waive the argument. Turning next to the jury unanimity argument, the failure to require that the jury be unanimous as to whether Smith committed the attempt of either receipt or possession or the completed offense of Well, since it's not, they're not, attempt is not a lesser included crime, so what what case supports, has this ever been, I'm surprised that you, I don't think you have direct authority for this assertion. There's no direct authority exactly on point for this specific argument I'm making, but the building blocks and the analysis are there from US Supreme Court decisions. But a myriad of general verdict, if you will, and the argument is the verdict has to be upheld because at a minimum there was sufficient evidence of an attempt. The unstated implication being that the jurors do not have to be unanimous as to which it is because both are the same crime. In those cases, like the Boyle case that started by the government, if that discussion is made in the cases I've seen, there's no argument like the argument that's being made before this court today. There's nothing wrong with it with an original argument, I guess, but you're not aware of any of any even state Supreme Court that's discussed this? I am not, Your Honor. Specifically as to this, no I'm not. But the US Supreme Court's decision in Resendez-Ponce makes clear that an attempt is an element of the offense, and the Shadd case makes clear with these general verdict and alternative means, yes, when they are alternative means and they are not alternative elements, the jury doesn't need to be unanimous. And even if there is... Well help me with our, you read my face right, because that really bothered me. Tell me, though, we've got several cases that say a unanimity instruction is not required where it's principal or aider to better. Now how's that different from this case? Because aiding and abetting is a just a separate way to complete the offense. Attempt has different elements, and it's especially important in this case because attempt itself is a specific intent crime. But attempt gets the same punishment though, right? Yes it does, Your Honor. It's the same punishment. It does, but that... In our cases we've said they're different. The US Supreme Court has stated that attempt is different, and that's, and the US Supreme Court has made clear that is an alternative element. So because it is not an element, the jury must be unanimous as to whether it was an attempt or the completed offense. And as I've alluded to, it's especially important here because attempt is a specific intent crime and the completed offenses are not. And it's further complicated by how the government presented the evidence and how the jury instructions were submitted to the jury. I'm still catching up to you. Did you begin with the Boyle case? I did look at the Boyle case. Now, did you already mention in your argument? I don't want you to have to backtrack. You have. Okay, good. Yes. Okay, so I'm not behind. I'm ahead. Good. And the question is very simple. Now, doesn't the Boyle case reject your argument? I know it's dicta, but don't the words of it reject the argument? The words would not be helpful to my argument. But again, it is dicta, and it's not binding on this case that the argument that's before this court today was presented to the court in Boyle. Boyle was about jury unanimity about an image, and there was an argument that one of the counts was tossed out. And the image that supported that count, it's possible that the jurors relied on that and that the jury was not unanimous as to what image supported the count. That was what the court was focused on in that case, not the argument that's before this court today. And standard of review on this argument? This is plain error, Your Honor. What's important to keep in mind is that jury unanimity cannot be waived. It's an incredibly important principle in protection under the Constitution. And the problem in this case, why it is affected to substantial rights and requires reverse for a new trial, is how the government presented the evidence. There was blurring. There was no clear distinguishing between this is the evidence that supports attempt, this is the evidence that supports attempt. There was not even any distinguishing between possession and receipt. So the element of attempt was charged? Attempt was explained. It's unclear because of how the elements were marshalled. In the verdict form, it refers to the indictment. And in the jury instructions, the indictment lists attempt. But then when looking at just the marshalling instructions, the elements of the offense, attempt is not mentioned. So the substantial element aspect is not, the substantial step is not in the instruction? It is, Your Honor. Attempt is not listed when it discusses the general elements of the offense. After discussing the elements, there is a general attempt instruction that explains that something is a substantial step and explains to the jury what an attempt is. Well, the real test, as you know, and this is also from the U.S. Supreme Court, is jury confusion. Do we think the jury was confused or not? I do, Your Honor. Okay, now, what evidence can you give us to say that they were really confused? I don't have, obviously, anything from the jury to indicate that they were confused. But I would note that even in closing arguments, defense counsel, when arguing to the jury, noted, I don't know what they're arguing my client possessed, received. I'm not sure what the evidence is that they're relying upon. And that's consistent with how the government presented the evidence, is that it's not clear what's an attempt. It's not clear what's the completed offense. There was no clear structure for the jury to provide them that guidance. And here, the jury instructions only further added to that confusion. And that in the elements, attempt isn't mentioned. But then there is an instruction on attempt. The verdict form doesn't discuss attempt, but refers back to the indictment, which does discuss attempt. In these cases, like in the Perry-Agobino case, when the instruction's all over the problem with jury unanimity. If there are no further immediate questions, I would reserve the remainder of my time for rebuttal. Thank you. Mr. Gommer. Thank you, Your Honor. If it pleases the court, counsel. My name is Craig Gommer. I'm an assistant U.S. attorney for the Southern District of Iowa. I, of course, represent the United States of America in this appeal. And I was the trial counsel who also tried this case on behalf of the United States. I'm going to confine my... Let me just start. If the indictment and closing argument are as opposing counsel has described this morning, why don't you concede Morris here? Because there is no Morris here. Well, in fairness... If the government says you can do it on either or both... I don't understand. As she described it, it seems like clear Morris here. There was no instruction you can't convict of both on the same evidence, and the government's closing argument muddied the water. That didn't happen. The government's closing argument did not muddy the water, and I'd be happy to tell you what happened in the record in this case. Why don't you just let us read the record, then, and just not concede the point? If the only thing is to grant the relief under Morrissey, I don't understand why the government wants to make such an issue of it. Except you didn't cite Morrissey. Maybe Morrissey didn't exist when you wrote your brief. I don't know if it existed, Your Honor. I helped work a little bit on the Morrissey brief. Your brief was three days before Morrissey came down. Okay. You'll be pleased to hear. And I'm just going to say, the district court didn't really have Morrissey. But boy, if the district court had had Morrissey, I don't think the district court would have hesitated, right? I disagree, respectfully, Your Honor. There's a whole line of cases that this court has decided on the question as to whether or not the crimes of recedent possession of child pornography implicate or violate the Double Jeopardy Clause. And they date back to the, I think it's the Mullenbrook case, which I think was around 2011. Mullenbrook, the government conceded error. And the government conceded error because, under the facts of the case, apparently, the same images were revoked. So you want to refight your loss on Morrissey? No, Your Honor. Not at all. I don't understand why you just don't take this on the record. Why are you going to spend our time when there's so little at stake from a remedial standpoint? I'm sure that the attorneys in your office will comply with Morrissey in the future, and yet we have other serious issues here. I was just asking for a quick answer, and you want to spend a third to half your time refighting Morrissey? I think this case is controlled by Zavetsky, Your Honor. Okay. You said that in your brief. I did say that in my brief. Okay. Zavetsky, that was written without the benefit of Morrissey. We can read the two and then read the record and decide. If you don't think you need to hear, if the panel doesn't think it needs to hear any questions... I think it's an important issue, but it's not that important. It's not as important as the attempt argument, as a matter of precedent. Okay. Well, with all due respect, Your Honor, your question is why the United States is defending the decision of the district court to proceed as it did, and we are doing that because we think the district court made the correct decision in this particular case. The indictment in this case... And it probably did it before Morrissey. ...the indictment in this case charged three crimes. It charged distribution of child pornography. The defendant was acquitted on that. It charged the receipt of child pornography, and it charged possession of child pornography. What this court's precedent, if you look at all of it, and not just Morrissey, Your Honor, but particularly if you focus on Zavetsky, which I also tried and also argued before or dealt with before this court, is the analysis that court needs to follow is whether or not, when looking at the receipt and possession charges, whether or not the crimes are, in fact, in law the same, are they in fact the same. What we had in Zavetsky, we had different dates that were involved. And that's a clear distinction in this case and in Morrissey. Here we have overlapping dates. We do have slightly overlapping dates, Your Honor, but Zavetsky, one of the bases upon which this court affirmed was that some of the files, the files that he received, were in the ARIES download incoming folder, and the files that he possessed were in the documents folder. And they're two separate folders. Exactly. Different dates, two separate folders. Zavetsky's an easy case. That's what Morrissey says. In our particular case, Your Honor, we had the receipt and attempt count relates to primarily the evidence is Government Exhibit Number 9. That's the documents that Mr. Smith received in the download folder. The dates in Government Exhibit 9 are between July of 2012 and July 2013. They are the exact dates in Exhibit 9 that match up with the receipt count, the possession dates, the date range we charged were March 15th of 2013 through August 1st of 2013. Including the other one. Yes, but what the evidence showed that two different things happened on those particular dates. On March 15th, the evidence showed that we downloaded child pornography using the ARIES Roundup law enforcement program from the defendant's peer-to-peer program. We downloaded five files. So he had to have possessed those files on March 15th of 2013 or we would not have been able to download them. The files that he possessed on August 1st of 2013 were the files that he still maintained in his shared folder. So the March 15th and August 1st dates that match up to the possession counts are all related to child pornography that was in the shared folder and the date range July of 2012 through July of 2013 that relates to the receipt and attempted receipt count all relate to child pornography files that were downloaded to Mr. Smith's download folder on the file sharing program. So we set this indictment up following Zavesky, following the instructions in Zavesky and made sure we drew a distinction with the dates and the conduct. So the receipt count relates to when he received things in the incoming folder. Did the government propose instructions? Both parties had the opportunity to submit proposed instructions. I didn't ask whether there was an opportunity. I asked, did you do it? Yes. Why didn't you just suggest the obvious, the easy instruction? You can't convict of both on the same evidence. And then it's a non-problem. We submitted the proposed jury instructions based on the Eighth Circuit pattern instruction. Your Honor, that just didn't occur to me. The other issue that the defense has raised and hopefully I've answered your concerns about the double jeopardy. We set the indictment up and we argued the case in, we didn't blur anything. We specifically in our arguments to the jury talked about the distinction, talked about exhibit number nine, talked about the difference between the incoming folder and the documents folder. So we made an effort to meticulously try and draw that distinction for the jury so they were not confused. As far as the jury instructions are concerned, in order to be plain error or clear error, obviously as the court knows, the defense has the obligation to prove that the error in this particular case was plain that affected substantial rights. And based on the research that we were able to do in preparation for our brief and for our argument, there is no case law out there that is plain on the particular point that the defense wants this court to reverse on under plain error analysis. What we had with the jury instructions, we had- So your argument's based on the second prong of Olano? Yes, Your Honor. Well, actually, the first two prongs. First of all, we don't think there was any error at all, but even if there was, it's not plain, Your Honor. As far as the instructions are concerned- You're accepting counsel's basically third and fourth prongs, which is a violation of a unanimity requirement. Error and unanimity affects substantial rights. If there was one, but I don't think there's any evidence- I understand. There's no evidence in the record to support that. As far as this particular jury was concerned, as I've told you, as Ms. Quick told you, this indictment, we charged the defendant with three particular counts. The jury was able to distinguish between the evidence and actually acquitted him on count one, the distribution account. He was charged with ignoring distribution of child pornography on March 15th of 2013. The jury didn't have any problem with going through the evidence, parsing out the evidence, and acquitting him on that. Another thing we know about the jury and its deliberations, the jury did have one question. The question was, I think the jury asked whether it could see the user interface, which is what the screen shows when files are being downloaded. It didn't have any questions about receipt or possession or attempt. The defense does not challenge instruction number seven, which are the elements of receipt, instruction number nine, the elements of possession, instruction number 11, the elements of attempt. So there's no question that the district court properly instructed the jury on those particular questions. And the defense does not challenge jury instruction number 20, which is the unanimity instruction. I think, first of all, this argument is controlled by the fact there just is no specific case law on point for there to be clear error. Specifically, the only case that's even close to being on point is the Boyle case, which we've talked about in the courtroom here today. And Boyle tells us that a general unanimity instruction is appropriate when you have an attempt and a substantive offense. Boyle involved actually child pornography statute. It involved 18 U.S. Code 2251, the production statute. This is 2252. Boyle was charged with both attempt, attempted production and production. And the defense made a similar argument to what we're hearing here today. And the court said there's no evidence that the jury was confused. And even if it was confused, a general unanimity instruction is sufficient. And as far as the verdict form is concerned, I don't think the, I don't recall the defense asking for a specific verdict form that asked the jury to make any specific findings. But Boyle basically also stands for the same proposition, that a general verdict form is sufficient if the evidence supports both theories. If this instruction had been specifically requested, would its denial have been error? I don't believe so. I think there's a... Why not? I think because the district court has a wide discretion to... Don't talk about discretion. Why not as a conceptual matter? As a conceptual matter, what we had is instructions 7, 9, 11, and 20. And if you look at them in order, the instructions first told the jury, you can... Conceptually, your honor... The Supreme Court says it's a different element. So, okay, you can... It's sort of wrapped up like eight and a bet in the same crime. But the Supreme Court has said, yeah, but it's a little different. So if you say, if you're a defense... If defense counsel requests an instruction where the evidence is, as these child porn cases are a good example where downloading can be just possession, or it can be receipt, or it can be part of distribution. So if counsel says, I would like an instruction that the jury can't... The jury has to be unanimous as to whether it was an attempt or a completed offense. Why isn't that consistent with Supreme Court teaching? I'm not asserting that that's not consistent with the Supreme Court's teaching. I'm asserting that what the district court did in this case is also consistent with the Supreme Court's teaching. Yeah, because it wasn't instructed. I mean, I think the answer which I'm hearing you say is, well, it depends on the evidence. And so unless you have a specific evidence with a specifically worded proposed instruction, you can't really address the abuse of discretion. And in this particular case that there's a unanimity... But that would be an acknowledgement that it might be an appropriate request in some cases. It might be, your honor. And that goes to what I was trying to say with the broad discretion. I've tried a lot of child pornography cases. I've tried some since then. We do our jury instructions a little bit different. We don't enjoy having these issues come up. And certainly, for example, Zivesky, I took this court's guidance in Zivesky when I drafted the indictment and presented the evidence in this case. So we learned from what happened before us. And that's why you asked why I am arguing to try and preserve the two counts and face the double jeopardy challenge. Because the United States read what this court decided in Zivesky. We crafted what we believe is in conformity with that. And we think both charges are sufficient. And they do not violate the double jeopardy clause. We believe that your instructions and verdict forms were correct. And we would ask the court to affirm the decisions in this case. I think the government is prudent and wise in not wanting instruction error and paying attention to precedent as you're doing. And so my question was, from the standpoint of those who create the precedent, you have to obey. What should we worry about here? And you think you're not. Thank you. Ms. Quick. I'd like to circle back to some of the discussion earlier on the idea of if it is a lesser included or if they have the same penalty. Those questions are more relevant to whether an indictment is duplicitous on its face. But the D'Amico case that's cited in our brief indicates that that doesn't answer the question of whether jury unanimity is required. D'Amico involved attempted extortion and completed extortion. There the court determined that it was a lesser included offense. But noted that that doesn't answer the question of whether a jury must be unanimous on whether the defendant committed the completed offense or simply attempted the offense. D'Amico ultimately doesn't answer. Correct me and you've looked at statutes as I have. Isn't this a statute that doesn't rely on the general attempt statute but has attempt right in the statute? It does, Your Honor. Okay. Does that make any difference? Because most of the Supreme Court law is about that separate attempt statute. The general attempt statute. It does not, Your Honor. Okay. Tell me why. Because the elements and what must be proven for attempt are still the same. Just because attempt it's specifically in the statute doesn't change the fact that it can be charged because it's specifically in the statute or because it's a separate offense. The elements are still the same. Attempt is still an element under the U.S. Supreme Court case law. So that distinguishes immaterial. Has the Supreme Court made that distinction? Not that I'm aware of, Your Honor. Okay. If there are no further questions, I would ask that this court either reverse and remand for a new trial based on the jury instruction error or alternatively reverse and remand for resentencing under the sentencing arguments that are made as well as alternatively vacating one of the counts due to the double jeopardy violation. Thank you, Counsel. The case has been thoroughly and well briefed and argued and we'll take it under advisement. Please call the last case for argument. The last case this morning, number 173592 Southern Iowa, United States v. Clark Betts, Jr.